UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZINGANYTHING, LLC, | ) | CASE NO. 5:14-cv-629 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TMART UK LIMITED, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of plaintiff Zinganything LLC ("plaintiff" or "Zinganything") for default judgment against defendants Factory Shop.com, ("Factory Shop"), MidnightBox.com ("MidnightBox"), and Alex Chung ("Chung") pursuant to Fed. R. Civ. P. 55(b)(2) for counterfeiting, including patent infringement, copyright infringement, and trademark infringement. (Doc. No. 40 (Motion for Default Judgment ["Motion"]).) In support of the motion, plaintiff filed the affidavit of its counsel, David Welling. (Doc. No. 40-1 (Affidavit in Support ["Welling Aff."]).).

For the reasons that follow, plaintiff's motion for default judgment is granted in part and denied in part.

### I. BACKGROUND

All three defendants were properly served with a summons and the complaint, but failed to file a responsive pleading, or otherwise defend the lawsuit. (*See* Welling Aff. ¶¶ 5-7, 9.) Default was entered against defendants FactoryBox,

MidnightBox and Chung, on August 3, 2015. (Doc. No. 39), and copies of the default entry mailed to the defendants at their addresses of record.

Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The following factual allegations from the second amended complaint are deemed admitted due to the default of defendants.

### Plaintiff Zinganything

Plaintiff Zinganything is a limited liability company organized under the laws of Ohio with its principal place of business in Akron, Ohio. (Doc. No. 19 (Second Amended Complaint ["SAC"]) ¶ 1.) Plaintiff introduced a product line and technology designed for the purpose of extracting the essence of natural ingredients and allowing these flavors to infuse directly into a liquid of choice. (SAC ¶ 18.) On December 24, 2013, United States Patent No. 8,613,402, entitled "Essence Extractor" (the "402 patent"), was issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention, attached as exhibit 1 to the second amended complaint. (SAC ¶ 27.) All rights to the 402 patent, including but not limited to the right to recover for infringement, have been assigned to plaintiff. (SAC ¶ 28.).

The Citrus Zinger® was the plaintiff's first product and most successful, and plaintiff's products are sold worldwide via its website, and through distributors and

retailers. (SAC ¶ 20.) Plaintiff's Citrus Zinger® has been featured on television talk shows, tradeshows, and other media outlets. (SAC ¶ 25.) Plaintiff's product line, including the Citrus Zinger®, reads on the 402 patent. (SAC ¶ 29.).

On August 20, 2013, U.S. Trademark No. 4,386,433 (the "433 mark") was registered to plaintiff for the trademark "zinger" in the classification of beverage dispensers and water bottles (attached as exhibit 2 to the second amended complaint), and on March 4, 2014, U.S. Trademark No. 4,490,831 (the "831 mark") was registered to the plaintiff for the trademark "citrus zinger" in the classification of bottles, plastic bottles, and beverage dispensers (attached as exhibit 3 to the second amended complaint). (SAC ¶¶ 30-31.).

On May 29, 2013, plaintiff obtained Copyright Registration No. TX 7-765-274 for original content, including text, photos, and artwork on its website, zinganything.com (attached as exhibit 4 to the second amended complaint). (SAC ¶ 32.).

**Defendant Alex Chung**

Plaintiff's factual allegations with respect to defendant Chung are deemed admitted by Chung's default. But default judgment against Chung cannot be entered at this time.

Rule 55(b)(2) provides that the Court may enter default judgment against a minor or incompetent person only if that person is represented by a guardian, conservator, or like fiduciary who has appeared. Defendants MidnightBox and Factory Shop are business entities, and thus not a minor, incompetent person, or subject to the Soldiers and Sailors Relief Act of 1940. *See Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09CV847, 2010 WL 4638057, at *1 (N.D. Ohio Nov. 5, 2010) ("As

3

corporations, the Defaulting Defendants are clearly not infants or incompetent persons."). But defendant Chung is an individual, and entry of default against him requires some evidence that Chung is not a minor or incompetent, or otherwise protected from the entry of default judgment against him. *Leach v. Lifeway for Youth, Inc.*, No. 1:07-CV-00200, 2008 WL 1990390, at *1 (S.D. Ohio May 1, 2008) ("An entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) 'an infant or incompetent person' who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 *et seq.;* or (3) an officer or agency of the United States. *See, e.g.,* Fed. R. Civ. P. 55(b),(c),(e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note."). Such evidence typically takes the form of an affidavit by the movant that none of these prohibitions apply with respect to the defendant against whom default is sought. *See id*. In this case, plaintiff has advanced no evidence that Chung is not a minor or incompetent, or otherwise entitled to protection from the entry of default judgment against him. At this juncture, the Court cannot enter default judgment against defendant Chung.

Accordingly, plaintiff's motion for default judgment against Chung is denied without prejudice.

**Defendant FactoryShop**

Defendant FactoryShop is a business entity of an unknown type located in Tennessee, which makes, uses, sells, offers for sale, and/or imports infringing and counterfeit products in the United States in this judicial district and elsewhere. (SAC ¶ 3.) FactoryShop operates the website getfactorydirect.com, and offers for sale a product

4

called the "Juice Source Manual Citris citrous lemon water bottle juice extractor" shown at exhibit 6 of plaintiff's second amended complaint. (SAC ¶ 36.) FactoryShop utilizes copyrighted images of plaintiff's Citrus Zinger® from plaintiff's website. The picture of the bottle is copyrighted and is a picture plaintiff took of its own product for display on plaintiff's website. However, the product actually being sold and shipped by FactoryShop is a Chinese counterfeit Citrus Zinger® not manufactured by plaintiff. FactoryShop wrongfully displays plaintiff's copyrighted images, which contain a picture of plaintiff's product with the plaintiff's trademark thereon, and then the defendant ships to customers a counterfeit product not made by plaintiff. Defendant is engaged in "across the board" intellectual property infringement of plaintiff's patent, trademarks and copyright. (SAC ¶ 37.).

      FactoryShop has been, and is currently, willfully making, using, offering for sale, selling, and/or importing products that infringe the 402 patent, and is inducing infringement of the 402 patent by selling infringing product to dealers who, in turn, offer the product for sale and sell the product to end users. (SAC ¶¶ 56-57.) Moreover, FactoryShop's use of plaintiff's federally registered trademarks in connection with the sale, offer for sale, distribution and advertising of defendant's counterfeit products has caused, and will continue to cause, mistake, confusion, and deception among consumers with respect to the authenticity, and origin of defendant's products. (SAC ¶¶ 72, 79.) Defendant is intentionally misusing plaintiff's trademarks knowing such marks are counterfeit, and plaintiff's copyrighted text, photos, and images in connection with its offer for sale and sales. (SAC ¶¶ 60, 71, 73.) Such unauthorized use exploits and trades

5

on the goodwill and reputation of plaintiff, causing mistake and confusion among consumers. (SAC ¶¶ 77-79.).

**Defendant MidnightBox**

Defendant MidnightBox is a business entity of an unknown type located in New York, which makes, uses, sells, offers for sale, and/or imports infringing and counterfeit products in the United States in this judicial district and elsewhere. (SAC ¶ 4.) MidnightBox offers for sale a product called the "Juice Source." (SAC ¶ 38.) MidnightBox's product offering is shown at exhibit 7 of plaintiff's second amended complaint.

MidnightBox's product offering utilizes copyrighted text and graphic materials inside the product defendant MidnightBox ships. The pictures on MidnightBox's offer for sale shows a bottle with the name "Juice Source." The product being sold and shipped by defendant MidnightBox infringes plaintiff's '402 patent. Further, defendant MidnightBox wrongfully includes copyrighted materials from plaintiff's copyright within defendant MidnightBox's product and attached to the product. (SAC ¶ 39.).

MidnightBox has been, and is currently, willfully making, using, offering for sale, selling, and/or importing products that infringe the 402 patent, and is inducing infringement of the 402 patent by selling infringing product to dealers who, in turn, offer the product for sale and sell the product to end users. (SAC ¶¶ 56-57.) Moreover, defendant is intentionally misusing plaintiff's copyrighted text, photos, and images in connection with its offer for sale and sales of its product. (SAC ¶¶ 60-611.) Defendant MidnightBox is engaged in infringement of plaintiff's patent and copyright. (SAC ¶ 39.).

Plaintiff has not authorized FactoryShop or MidnightBox to sell infringing counterfeit products or to use plaintiff's intellectual property in any way. (SAC ¶ 50.) The defendants' activities have injured, and threaten future and immediate injury to the plaintiff. More specifically, the defendants' activities have diminished plaintiff's goodwill and have caused plaintiff to lose sales that it otherwise would have made but for the sales of the defendants. (SAC ¶ 49.).

The second amended complaint claims that defendants have: (1) willfully infringed the 402 patent in violation of 35 U.S.C. § 271 *et seq*. (SAC ¶¶ 52-58); (2) infringed plaintiff's copyrighted works in violation of 17 U.S.C. § 501 *et seq*. (SAC ¶¶ 59-63); (3) knowingly trafficked in counterfeit labels, documentation, and packaging in violation of 18 U.S.C. § 2318(e)(1) *et seq*. (SAC ¶¶ 64-69); (4) infringed plaintiff's trademarks in violation of 15 U.S.C. § 1114(1) *et seq*. (SAC ¶¶ 70-75); (5) engaged in unfair competition in violation of 15 U.S.C. § 1125(a) (SAC ¶¶ 76-80); and (6) engaged in unfair competition in violation of Ohio Rev. Code § 4165.02 *et seq*. (SAC ¶¶ 81-82.).

## II. DISCUSSION

### A. Default Judgment—Liability

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the clerk against defendants FactoryShop and MidnightBox pursuant to Rule 55(a). (Doc. No. 39.) After default has been entered, the Court may enter default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Based on the well-pleaded factual allegations in the second amended complaint, and the declaration submitted by the plaintiff in support of the motion, the Court

concludes that there is a sufficient basis for determining defendants' liability without the need for a hearing.

Even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims for counterfeiting, patent infringement, trademark infringement, copyright infringement, and unfair competition, for which the plaintiff seeks default judgment. *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted).

### 1.  Patent infringement

35 U.S.C. § 271(a) and (b) provide that:

**(a)** Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

**(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.

Based on the admitted factual allegations in the complaint, which the Court accepts as true, plaintiff owns the 402 patent and FactoryShop and MidnightBox are making, using, selling, offering for sale in the United States, and/or importing products that infringe plaintiff's patented invention into the United States, as well as actively inducing infringement of the patent by others. Accordingly, plaintiff is entitled to default judgment against FactoryShop and MidnightBox for infringement of the 402 patent.

### 2. Trademark infringement and counterfeiting

15 U.S.C. § 1114(1)(a) and (b) provides that:

**(1)** Any person who shall, without the consent of the registrant--

> **(a)** use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> **(b)** reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

To establish trademark infringement under 15 U.S.C. § 1114, plaintiff must show that: (1) it owns a valid trademark; (2) defendant used the trademark "in commerce" without plaintiff's authorization; (3) defendant used plaintiff's trademarks, or an imitation thereof, "in connection with the sale, offering for sale, distribution, or advertising" of goods and services; and (4) defendant's use of plaintiff's trademarks is likely to cause consumer confusion. *The Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 910 (S.D. Ohio 2014) (citing 15 U.S.C. § 1114). The "touchstone of liability" for trademark infringement under 15 U.S.C. § 1114 "is whether defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the

9

goods offered by the parties." *Id*. (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997)).

Counterfeiting, under 15 U.S.C. § 1114, is a subset of infringement. *Id*. at 910 (citations omitted). "'To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116. . . . Section 1116 defines 'counterfeit mark' as 'a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knows such mark was so registered.' 15 U.S.C. § 1116(d)(1)(B)(i). Elsewhere, the statute provides additional clarification, defining 'counterfeit' as 'a spurious mark which is identical with, or substantially indistinguishable from, a registered mark.' 15 U.S.C. § 1127.'" *Id*. at 911 (quoting *Laukus v. Rio Brands, Inc.*, 391 F. App'x, 416, 425 (6th Cir. 2010)).

Based on the admitted factual allegations in the complaint, which the Court accepts as true, plaintiff has established the elements required to state a claim for relief for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114. Plaintiff owns the trademarks at issue, and FactoryShop has violated the Lanham Act by advertising, distributing offering for sale, and/or selling products in commerce that bear identical copies of plaintiff's trademarks, intentionally misusing the counterfeit marks, all without plaintiff's consent or authorization. By defaulting, FactoryShop admits that its

10

use of plaintiff's trademarks is has caused and will continue to cause confusion among consumers regarding the origin and quality of the goods offered by defendant.

Accordingly, plaintiff is entitled to default judgment against defendant FactoryShop for trademark infringement and counterfeiting.

### 3. **Unfair competition**

Under 15 U.S.C. § 1125(a):

**(a)** Civil action

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Under the Lanham Act, the same test is used for trademark infringement and unfair competition: likelihood of confusion. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992)). Based on the admitted factual allegations in plaintiff's second

amended complaint, FactoryShop has used plaintiff's trademarks in advertising, distributing and selling defendant's products, and has done so without plaintiff's consent or authorization. FactoryShop's goods are likely to be mistaken for the genuine product offered for sale by the plaintiff, and result in the confusion of consumers, who will believe that defendant's counterfeit product is a genuine product originating from and approved by plaintiff. Thus, FactoryShop is liable under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act for unfair competition.

Accordingly, plaintiff is entitled to default judgment with respect to its claim for unfair competition in violation of 15 U.S.C. § 1125.

The analysis of an unfair competition claim under Ohio law—Ohio Rev. Code § 4165.02—is the same as that for an unfair competition claim under the Lanham act. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880-81 (S.D. Ohio 2007) (citing *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 920 (6th Cir. 2003)) (other citations omitted). Accordingly, the Court finds that plaintiff is also entitled to default judgment against FactoryShop with respect to its claim for unfair competition in violation of Ohio Rev. Code § 4165.02.

### 4. Copyright infringement

To establish copyright infringement, plaintiff must prove ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (citing *Feist Publ'ns*, 499 U.S. at 361).

Plaintiff has a copyright for the "original content including text, photos, and artwork on its website, zinganything.com." (SAC ¶ 36.) Based on the admitted factual allegations in the second amended complaint, defendants FactoryShop and MidnightBox utilize and display for sale copyrighted images and text from plaintiff's website without plaintiff's authorization. (SAC ¶¶ 37, 39, 50.).

Accordingly, the Court finds that plaintiff is entitled to default judgment with respect to its claim that defendants FactoryShop and MidnightBox infringe plaintiff's exclusive rights in its copyright under 17 U.S.C. § 106 *et seq*.

**B. Default Judgment—Damages**

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr.*, 661 F.2d at 124). "[W]here the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment." *J&J Sports*, 2008 WL 5083149, at *1 (citing Fed. R. Civ. P. 55(b)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id*. at *2 (citation omitted).

Plaintiff's motion for default judgment states that:

> Setting an amount of damages against said Defendants in default would require some speculation as to sales levels of said parties, which is unknown. Without data from each Defendant concerning sales, any amount of damages would be speculative. However, in the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be

13

> set at $25,000 as to each Defendant, which seems reasonable to Plaintiff in terms of each Defendants' apparent size and conduct.

(Motion at 381.).

In addition, the affidavit of plaintiff's counsel, submitted in support of the motion, avers as follows:

> 9. Setting an amount of damages against said Defendant in default would require some speculation as to sales levels of said parties, which is unknown. Without data from each Defendant concerning sales, any amount of damages would be speculative.
>
> 10. In the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be set at $25,000 as to each Defendant, which seems reasonable to Plaintiff in terms of each Defendants' apparent size and conduct.

(Welling Aff. ¶¶ 12-13.).

Even in the context of default judgment, the Court has an obligation to ensure that there is a legitimate basis for any award of damages that it enters. *Hitachi Med. Sys. v. Lubbock Open MRI,* No. 5:09CV847, 2010 WL 5129311, at *2 (N.D. Ohio Dec. 10, 2010) (citations omitted). Damages may only be awarded on default judgment where the record adequately supports a basis for the award. *See id.*

In this case, plaintiff admits that underlying data that may provide evidentiary support for an award of damages—such as the amount of defendant's sales—is unknown and, without that data, setting an amount of damages would be speculative. The basis for plaintiff's request for $25,000.00 in damages for each defendant is that the sum "seems reasonable" to the plaintiff in terms of defendants' "apparent size and conduct."

Plaintiff has provided no evidence to support an award of damages for default judgment in the amount of $25,000.00 for each defendant. The Court must abide

by its obligation to only award damages adequately supported by the record. Consequently, the Court will not grant damages at this juncture.

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion for default judgment is granted in part and denied in part.

With respect to defendants FactoryShop and Midnight Box, plaintiff's motion for default judgment is granted on the issue of liability, and denied, without prejudice, on the issue of damages. By February 12, 2016, plaintiff shall advise this Court in writing as to whether it intends to pursue damages and, if so, shall propose a schedule for submission of the issue of damages to the Court.

Further for the reasons contained herein, plaintiff's motion for default judgment against defendant Chung is denied without prejudice.

**IT IS SO ORDERED**.

Dated: January 29, 2016

　　　　　　　　　　　　　　　　　　　　／s／ Sara Lioi
　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**